IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD C. NEFF and
SHARON L. NEFF,

    Plaintiffs,

v.                                Civil Action No. 5:14CV107
                                            (STAMP)
COLUMBIA GAS TRANSMISSION, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

I. Background

This civil action began when the plaintiffs filed their complaint on July 17, 2014, in the Circuit Court of Tyler County, West Virginia. The defendant removed the civil action to this Court on August 13, 2014. ECF No. 1. The plaintiffs allege one count of trespass and seek nominal, compensatory, and punitive damages.

The plaintiffs owned land where the defendant had an already existing natural gas line ("Line 3662"). On or about May 2013, the defendant planned to replace Line 3662, and provided two contracts to the plaintiffs: an amended right of way agreement ("agreement") and a valve site agreement. The parties executed the agreement on August 14, 2013. However, the plaintiffs allege that they have neither agreed to nor executed the valve site agreement.[1] After

---

[1] The defendant engaged in a condemnation action against plaintiffs, but that has since been dismissed.

executing the right of way agreement, the defendant began replacing Line 3662. As part of the project, the defendant built a valve site, which the plaintiffs allege fell outside of the area provided under the agreement.

In their complaint, the plaintiffs allege a claim of trespass against the defendant for allegedly building the valve site without the plaintiffs' permission. The plaintiffs claim to suffer irreparable damage, extreme hardship, injury, and loss causing equitable and legal damages. Thus, the plaintiffs seek an order declaring trespass, nominal and compensatory damages, punitive damages, legal fees, and all other remedies this Court finds proper.

In response, the defendant filed a motion to dismiss. ECF No. 6. In its motion to dismiss, the defendant first argues that the plain language of the agreement clearly authorizes the construction of the valve site. Second, the defendant argues that the plaintiffs fail to satisfy the minimum pleading standards under either Ashcroft v. Iqbal, 556 U.S. 662 (2009), or Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Third, the defendant claims that the Natural Gas Act preempts the state law trespass action that the plaintiffs allege. Finally, the defendant argues that it had permission to enter plaintiffs' land under the agreement, and that punitive damages are inappropriate here because no wrong and willful conduct occurred.

In addition to its motion to dismiss, the defendant also filed a motion for a hearing regarding its motion to dismiss. ECF No. 7. Plaintiffs have failed to respond to those motions within the time required under Local Rule of Civil Procedure 7.02(b)(1). Moreover, no other filings concerning the motion to dismiss have been filed with this Court as of the date of this memorandum opinion and order.[2] For the reasons set forth below, the defendant's motion to dismiss is GRANTED. Further, the defendant's motion for a hearing about the motion to dismiss will be DENIED AS MOOT.

### III. Applicable Law[3]

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

---

[2]The only filings since then are the following: (1) motion for an extension of time to file a notice of appearance and an order granting the motion; (2) notices of appearance; and a scheduling order. See ECF Nos. 9, 10, 11, 15, and 14, respectively.

[3]This Court could in theory treat the defendant's motion to dismiss as unopposed and thus subject to dismissal without a merits analysis due to the lack of response by the plaintiffs. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); see also Hollister v. United States Postal Service, 142 F. App'x 576, 577 (3d Cir. 2005). Instead, this Court will address the merits as ascertained from the available filings. However, "it is not this Court's obligation to do" the "research or make arguments for" the parties. Rangel v. Schmidt, 2:09-CV-071, 2009 WL 5068351 (N.D. Ind. Dec. 16, 2009); see also United States v. Smith, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties).

3

court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. Language of the Right-of-Way Agreement

As discussed above, the plaintiffs allege that the defendant trespassed by constructing a valve site on the plaintiffs' property. In its motion to dismiss, the defendant argues that the plain language of the agreement authorized the construction of the disputed valve site. Under West Virginia law, a "valid contract expressing the intent of the parties in unambiguous language will be applied and enforced according to such intent." Cotiga Development Co. v. United Fuel Gas Co., 128 S.E.2d 626, 631-32 (W. Va. 1962) (quoting Syl. Pt. 1, Babcock Coal & Coke Co. v. Brackens Creek Coal Land Co., 37 S.E.2d 519 (W. Va. 1946)); see also Syl. Pts. 1 & 2, Magnus v. Halltown Paper Board Co., 100 S.E.2d 201 (W.

Va. 1957) ("When the language of a valid written instrument is plain and unambiguous such instrument is not subject to judicial interpretation," and "[w]hen the terms of a valid written contract are clear and unambiguous, full force and effect will be given to the language used by the parties."). Further, this legal principle for interpreting contract language has been applied in numerous contexts. See, e.g., In re Hillcrest Memorial Gardens, Inc., 119 S.E.2d 753 (W. Va. 1961) (statutes); Christopher v. U.S. Life Ins. Co. in City of N.Y., 116 S.E.2d 864 (W. Va. 1960) (insurance policies); Babcock Coal & Coke Co., 37 S.E.2d at Syl. Pt. 1 (mining leases); In Re Conley, 12 S.E.2d 49, 50 (W. Va. 1940) (wills); White Flame Coal Co. v. Burgess, 102 S.E. 690 (W. Va. 1920) (deeds). Accordingly, the principle applies in this case involving a right-of-way agreement.

In this case, the plain language of the agreement defeats the plaintiffs' trespass claim. First, no indications or allegations exist that the contract is invalid, meaning the above principles of interpretation apply. Second, the agreement authorizes the defendant to build the valve site at issue. The agreement provides the defendant the right to "construct, operate, maintain, replace, repair, (anywhere within the right-of-way area defined below), and remove pipeline . . . and appurtenant facilities." ECF No. 1 Ex. 1. Later in the agreement, it provides that "valves, drips, hydrate removal systems and other appurtenances reasonably

6

required, shall be buried so as not to interfere with the cultivation of the land." Id. Accordingly, the terms of this agreement provide that appurtenant facilities, which seem to include valves, are within the agreement's scope. This contrasts with a claim of trespass, which the plaintiffs allege, defined as "an entry on another man's ground *without lawful authority*, and doing some damage, however inconsiderable, to his real property." Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945) (emphasis added).

Here, the agreement granted the defendant lawful entry to construct the valve site. Looking at the plain and unambiguous language of this assumed-valid agreement, the intent appears to grant the defendant the right to build the valve site. Because of the defendant's authority under the agreement, the plaintiffs' trespass claim must be dismissed.

B. The Defendant's Remaining Arguments

The defendant next argues that the plaintiffs fail to satisfy the minimum pleading standards under either Ashcroft v. Iqbal, 556 U.S. 662 (2009), or Bell Atlantic Corp. v. Twombly, 535 U.S. 544 (2007). However, as discussed above, this Court finds that the plaintiffs failed to state a claim of trespass. Therefore, this Court will not address whether the plaintiffs sufficiently complied with the requirements under Iqbal and Twombly. The defendant also claims that the Natural Gas Act preempts the state law trespass

7

action that the plaintiffs allege.  Under the Natural Gas Act, a natural gas company can receive a power of eminent domain after the Federal Energy Regulatory Commission ("FERC") provides a Certificate of Public Convenience and Necessity authorizing routine activities (such as replacing Line 3662).  Because of its authority under the Act, the defendant argues that the Act preempts plaintiffs' state law trespass claim.  Thus, the defendant asserts that the plaintiffs' only remedy lies in an inverse condemnation action.  However, as discussed above, this Court already finds that the plaintiffs fail to state a trespass claim.  Therefore, this Court does not find it necessary to address the preemption argument advanced by the defendant.

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss (ECF No. 6) is GRANTED.  Further, the defendant's motion for a hearing regarding the motion to dismiss (ECF No. 7) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      October 21, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE